ERNEST S. AOKI *v.* I. MURAKAMI, S. K. MARU-
YAMA AND G. NAKAMURA, DEFENDANTS, AND
BISHOP FIRST NATIONAL BANK OF HONO-
LULU, GARNISHEE.

No. 2001.

SUBMITTED APRIL 13, 1931.                    DECIDED MAY 19, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This is an action in special assumpsit tried jury waived
in which judgment was entered against the three defend-
ants jointly and severally in the sum of $730 with interest,
costs and attorney's fees and against the defendant Maru-
yama in the added sum of $1070 with interest.

The case is before us upon the exceptions of the plain-
tiff and the exceptions of the defendants I. Murakami and
G. Nakamura. The facts found by the trial court are
thus set forth in its written decision:

"This is a suit brought upon a joint and several promis-
sory note dated December 31, 1925, for three thousand
dollars ($3,000.00), payable on demand without interest,

said note being signed by the three defendants hereinabove named as co-makers. Defendants I. Murakami and J. Nakamura answered, claiming payment and release. S. K. Maruyama filed no answer.

"The only witnesses in the case were (1) S. K. Maruyama, one of the defendants who is a brother of the plaintiff; and (2) the plaintiff himself, testified in his own behalf; and (3) Mr. Curry testified in regard to attorneys' fees on collection. The two brothers testified in effect that prior to December 30, 1925, the defendant, Maruyama, owned a fish pond. He interested the defendants Murakami and Nakamura, together with one Sonoda, in forming an informal partnership to run the fish pond. The defendant Maruyama handled all the finances of the alleged partnership (which partnership was never registered), and Maruyama kept the monies of the alleged partnership mingled with his own personal monies in his own personal bank account. As of December 30, 1925, three thousand dollars ($3,000.00) was borrowed from the Bank of Bishop & Co., Ltd., on a mortgage covering the property of the plaintiff Aoki. Aoki was *not* a member of the partnership. The plaintiff Aoki advanced this money to the partnership and secured this loan from the bank on the security to himself of the note sued upon in this case, signed by three (3) individuals who were also members of this four (4) party partnership.

"Both the plaintiff and his brother testified that the note which is sued upon in this case was given *to secure Aoki* for the repayment of this loan of three thousand dollars ($3,000.00), which Aoki had obtained from Bishop & Company. Prior to July 8, 1927, interest was paid to the Bank of Bishop & Company on the Aoki mortgage in the sum of $263.78, and $1,200.00 of the principal of said loan was also paid prior to that date. All of the above payments were made by defendant Maruyama from partner-

ship funds. On or about July 14, 1927, efforts were being made by Maruyama on behalf of the alleged partnership to get Aoki, through the Bank of Bishop & Company, to increase the loan. That bank refused to do so.

"Efforts were then made to obtain a new loan on the security of plaintiff's property from or through the Honolulu Trust Company. These efforts were successful and on July 14, 1927, a new loan of four thousand dollars ($4,000.00) was negotiated on the joint note of Mr. Aoki and the defendant Maruyama, his brother, together with a new mortgage on the Aoki property. Eighteen hundred dollars ($1,800.00) of this new loan was applied by the Honolulu Trust Company to pay up the Aoki mortgage with the Bank of Bishop & Company and cancel Aoki's note given to the Bank of Bishop & Company. The balance of the four thousand dollars ($4,000.00) loan, less expenses, was turned over, according to plaintiff's testimony, to Mr. Maruyama for the benefit of the alleged partnership.

"In connection with this new loan, Mr. Murakami was not consulted. Defendant Nakamura refused to sign the new mortgage note. There is no evidence that the status of the 1925 security note to the plaintiff, herein sued upon (given originally to secure Aoki personally for the original three thousand dollar [$3,000.00] loan obtained by Aoki from the Bank of Bishop & Company), was ever discussed between the plaintiff and the defendants Murakami and Nakamura in relation to the *new loan* secured from or through the Honolulu Trust Company. Mr. Maruyama did state that it was agreed (by and between whom, *other than Aoki and his brother Maruyama,* does not appear to the satisfaction of this court) that the new loan should be paid before the old loan. At least ten hundred and seventy dollars ($1,070.00) of the new loan was repaid from partnership funds after July, 1927. Mr. Aoki, the

1010

plaintiff, admitted that it was originally agreed at the time of the 1925 security note, that the note sued upon was merely given as security to protect him personally and provide for the repayment by the partnership of the three thousand dollars ($3,000.00) secured by Aoki for the partnership from the Bank of Bishop & Company.

"On behalf of the plaintiff, it is contended that the new loan was in effect a loan *to the plaintiff* by the Honolulu Trust Company; *that this money so borrowed belonged to the plaintiff;* that the use of eighteen hundred dollars ($1,800.00) of this money (plaintiff's money) to pay the Bank of Bishop & Company could not operate as payment or termination of the obligation under the security note sued upon; and that there still remains due, owing and unpaid upon said note, the sum of eighteen hundred dollars ($1,800.00), together with interest from July 14, 1927.

"It is contended on the part of the defendants, who rested without producing any testimony, that the effect of the new loan with the consent of the plaintiff and at the instance of Maruyama, acting for the alleged partnership, amounted at the most to a loan to the partnership (of four [4] men) in the sum of four thousand dollars ($4,000.00); that the use of eighteen hundred dollars ($1,800.00) of this loan to pay up Bishop & Company terminated the security obligation upon which the individual note of December 31, 1925, was given; and, if there is any right in the plaintiff arising out of the 1927 transaction, that it cannot possibly be one upon the note in question."

From the foregoing facts the conclusions of law reached by the trial court are set forth in its written decision as follows: "From the foregoing evidence the court finds: (1) That the plaintiff Aoki in 1925 loaned three thousand dollars ($3,000.00) to the informal four (4) party partnership; (2) That while the plaintiff originally

obtained the money for this loan from the Bank of Bishop & Company, the actual source from which plaintiff got the money to loan is not material; (3) That, to secure the plaintiff, the three defendants individually signed and delivered, as co-makers, the note in question; (4) That the informal partnership was the principal debtor; (5) That prior to July 14, 1927, twelve hundred dollars ($1,200.00) of the original loan had been repaid out of partnership funds and the obligation on the security note sued upon in this case was pro tanto reduced by the amount of this payment; (6) That no agreement or agreements mutually binding upon the defendants Murakami and Nakamura and the plaintiff were ever entered into at the time of the refinancing in 1927 defining the *status of the security note* or clearly showing an intent to liquidate and cancel the same by the refinancing project nor was any such agreement arrived at by all the parties postponing the old obligation until after the excess advanced under the new obligation was taken care of; (7) That after July, 1927, additional partnership funds to the extent of ten hundred and seventy dollars ($1,070.00) were further applied on indebtedness financed by the plaintiff, which included the balance of the original loan, making a total of partnership indebtedness paid by the partnership in the sum of twenty-two hundred seventy dollars ($2,270.00); (8) That plaintiff has never been reimbursed or secured as to the balance of seven hundred and thirty dollars ($730.00) out of the total of three thousand dollars ($3,000.00) intended to be secured jointly and severally by the individuals signing the note in question; (9) That the note sued upon does not provide for interest and no other demand is in evidence except the demand of suit filed herein; (10) That under the evidence, one hundred and twenty-five dollars ($125.00) is a reasonable attorney's fee for this collection; (11) That the defendant S. K. Maruyama expressly

waived any right to credit, so far as his individual liability for suretyship is concerned, until the extra advance had been reimbursed and therefore he is not entitled to any deduction on his several liability for the full amount of eighteen hundred dollars ($1,800.00).

"Under the foregoing findings, plaintiff is entitled to judgment against the defendants jointly and severally, in the sum of seven hundred and thirty dollars ($730.00) together with attorney's fees in the sum of one hundred and twenty-five dollars ($125.00), and interest from the date of suit; plaintiff is further entitled to an additional judgment against S. K. Maruyama in the additional sum of one thousand seventy dollars ($1,070.00) with interest. Let judgment issue in accordance with this decision."

There was evidence sufficient to support the trial judge's findings of fact, as distinguished from his conclusions of law. Undisputed evidence required the making of one additional finding, namely, that, with reference to the above named loan of $3000 evidenced by the note now sued upon, the agreement of the parties was that repayment of the same was to be made by payment to the Bank of Bishop & Company on account of Aoki's said mortgage to it, and that there would be no further liability on said note when said mortgage had been paid. This is shown by the uncontradicted testimony of the defendant Maruyama called as a witness on behalf of the plaintiff Aoki.

The exceptions of the plaintiff and of the two excepting defendants are to the decision above quoted and to the judgment of the trial court.

As above appears, this action was specifically upon the said joint and several promissory note of December 31, 1925, for $3000 of the three defendants, Murakami, Maruyama and Nakamura, and was not upon any other account. The answers filed raised the issue of payment. The proof, as above appears, showed payment to the Bank of Bishop &

Company on its mortgage and therefore, under the agreement of the parties above referred to, payment to the plaintiff on said note, of $1200 in four installments of $300 each, with interest, and later a payment of the balance of the principal, $1800, with interest. That said $1800 was obtained upon the new note of which the plaintiff was joint maker with Maruyama and for which plaintiff gave a new mortgage to the Honolulu Trust Company, does not defeat the defense of payment of said $1800 on the $3000 note in conformity with the terms of the agreement above referred to. A new and different indebtedness to the plaintiff was thus substituted for the old indebtedness on the promissory note. As to the details of this new liability and its adjustment among the persons interested, we are not presently concerned. Upon this new liability, and not upon the old one, the payment of $1070 after July, 1927, was made as admitted by the plaintiff (Tr. p. 44) and found by the trial court in the early part of its decision above quoted. Application of the payment was made by the plaintiff as directed by Maruyama. The trial court, therefore, erred in concluding (a) that the loan of $3000 was to the "informal four (4) party partnership" instead of to the makers of the note, (b) that "the informal partnership was the principal debtor," (c) that application should be made of the aforesaid payment of $1070 to the total "partnership indebtedness" and not in conformity with the agreement above recited, (d) "that plaintiff has never been reimbursed or secured as to the balance of seven hundred and thirty dollars ($730.00) out of the total of three thousand dollars ($3,000.00) intended to be secured jointly and severally by the individuals signing the note in question," (e) that the defendant S. K. Maruyama was severally liable to the extent of $1800 thereof and (f) that plaintiff is entitled to judgment against the defendants jointly and severally in the sum of $730, together

1014

with interest and attorney's fees, and against S. K. Maruyama in the additional sum of $1070, with interest.

The judgment excepted to is reversed and the case remanded with direction to the trial court to enter judgment for the defendants.

*Heen & Godbold* for plaintiff.

*E. J. Botts* for defendants Murakami and Nakamura.